COMPAGNIE FRANCO-INDOCHINOISE v. BENSON, Rear Admiral, et al.

(Court of Appeals of District of Columbia. Submitted April 4, 1921. Decided June 6, 1921.)

No. 3448.

Judgment ⊂⊃793(5)—Holder of judgment lien against vessel seized and sold by shipping board not entitled to relief in equity.

The holder of a judgment lien against a German-owned vessel, which was subsequently seized by the United States Shipping Board and sold to private purchasers, is not entitled to equitable relief for the protection of its lien, since, if the lien was not affected by seizure, it can be enforced against the vessel in the hands of the purchasers, and, if the seizure extinguished the lien, the creditor's remedy is not in equity.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Compagnie Franco-Indochinoise against Rear Admiral B. N. Benson and others, comprising the United States Shipping Board and the Emergency Fleet Corporation. From a decree sustaining defendants' motion to dismiss bill, complainant appeals. Affirmed.

E. F. Colladay, of Washington, D. C., for appellant.
J. E. Laskey, of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, sustaining appellees' motion to dismiss the bill of complaint.

In the bill appellant sets forth that it had obtained a judgment lien upon the Esslingen, a German-owned vessel, for $43,888.78, and that thereafter, on June 3, 1917, the President of the United States, by executive order under authority of a joint resolution of Congress approved May 12, 1917, took over the possession of the vessel. It is further alleged that, although this vessel remained subject to appellant's lien, appellees refused to recognize any rights of appellant in the vessel and were about to sell her.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The prayers of the bill seek an order restraining the sale pendente lite and permanently, or, in the alternative, if the court be of opinion that appellees may make the sale, to declare the proceeds impressed with a trust for appellant's benefit to the extent of its lien.

In the affidavit filed with the motion to dismiss or affirm, it is set forth that, through the United States Shipping Board, the Esslingen, now called the Nyanza, has been sold and delivered at the port of Philadelphia, Pa., to the Nyanza Steamship Company, Limited. Appellant, in a supplemental answer to the motion to dismiss or affirm, alleges that there remains due on the purchase price of the vesssel a sum greatly in excess of the amount of the judgment lien.

We are of the view that appellant has not made out a case for equitable relief. If, as contended by appellant, its lien was not affected by the action of the government in taking over the vessel, the purchaser took subject to the lien and appellant's remedy is unimpaired. On the other hand, if, as alleged by appellees, the taking by the government extinguished the lien, appellant's remedy is not in equity. It therefore is unnecessary to pass upon the question whether this is a suit against the United States.

The decree must be affirmed, with costs.

Affirmed.